1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8
9

RAMIRO MATA,

       Plaintiff,

10

  v.

11

JAMES HARTLEY, et al.,

12

       Defendants.

13

_____/

14

CASE NO.    1:09-cv-846-MJS (PC)

ORDER DISMISSING CASE WITHOUT
PREJUDICE FOR FAILURE TO
PROSECUTE

CLERK SHALL ENTER JUDGMENT

15      Plaintiff Ramiro Mata ("Plaintiff") is a state prisoner proceeding pro se and in forma

16 pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to

17 the Magistrate Judge handling all matters in this case.  (ECF No. 8.)

18      On April 15, 2010, a court order was returned by the United States Postal service

19 as undeliverable.  Pursuant to Local Rule 83-183(b), a party appearing in propria persona

20 is required to keep the court apprised of his or her current address at all times.  Local Rule

21 83-183(b) provides, in pertinent part:

22
23
24

> If mail directed to a plaintiff in propria persona by the Clerk is
> returned by the U.S. Postal Service, and if such plaintiff fails to
> notify the Court and opposing parties within sixty (60) days
> thereafter of a current address, the Court may dismiss the
> action without prejudice for failure to prosecute.

25 In the instant case, more than sixty days have passed since Plaintiff's mail was returned

26 and Plaintiff has not notified the Court of a current address.

27      In determining whether to dismiss an action for lack of prosecution, the Court must

28 consider several factors: (1) the public's interest in expeditious resolution of litigation; (2)

1   the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the

2   public policy favoring disposition of cases on their merits; and (5) the availability of less

3   drastic sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v.

4   King, 856 F.2d 1439 (9th Cir. 1988).   The Court finds that the public's interest in

5   expeditiously resolving this litigation and the Court's interest in managing the docket weigh

6   in favor of dismissal.  The Court cannot hold this case in abeyance indefinitely based on

7   Plaintiff's failure to notify the Court of his address.  The third factor, risk of prejudice to the

8   defendants, also weighs in favor of dismissal, since a presumption of injury arises from the

9   occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542

10  F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases

11  on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein.

12  Finally, given the Court's inability to communicate with Plaintiff based on Plaintiff's failure

13  to keep the Court apprised of his current address, no lesser sanction is feasible.

14          Accordingly, this action is HEREBY DISMISSED without prejudice based on

15  Plaintiff's failure to prosecute.  The Clerk of the Court is DIRECTED to enter judgment.

16

17

18

19  IT IS SO ORDERED.

20  Dated:   October 20, 2010                    /s/ *Michael J. Seng*
                                                 UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28